MANN, Chief Judge.
The City of Fort Myers has authority to sell property but “no such property shall be sold for less than the full appraised value thereof.” It agreed on June 22, 1971, to allow the sequential purchase for private development of four parcels of land near *530 the river at $2.85 per square foot. Three thousand dollars was paid as the price of the option for the first six months, and ten thousand dollars was to be paid for each of two extensions. If the options were exercised, the option price was to apply against the purchase price.
The sale was void for several reasons, and we need not consider the broader question whether and under what circumstances the city may sell an option to purchase.
The appraisal which fixed $2.85 as the value per square foot was based on the entire tract, not separate parcels. Obviously a smaller parcel might be more valuable.
The appraisal was predicated upon the continued existence of Citrus Street, which cuts across this tract, while the contract specifies that the street will be closed. This factor has an obvious bearing on the value of the property.
Lastly, the entire tract was appraised at $2.85 per square foot as of the date of appraisal. The record reveals no attempt to grapple with the question whether an immediate payment of cash will compensate the city fairly for agreeing to sell in the future at a price presently fixed. The agreement to deduct the option price from the sale price indicates, however, that the city cannot collect more for the land than its present value, and risks giving up the land for less than its future value, else what’s an option for ?
The city is, at a bare minimum, bound by its own charter and we need progress no further. This is not to declare that other issues raised are lacking in merit, but simply to say that the circuit court should have enjoined the sale and declared the option contract beyond the city’s power to enter on the basis of the appraisal rendered.
Reversed and remanded.
PIERCE, J., (Ret.), concurs.
LILES, J., concurs in conclusion.